IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-02758-LTB

CHRISTINE A. MURPHY,

    Plaintiff,

v.

GREGORY LEON,

    Defendant.

_____

### ORDER
_____

    This case is before me on Plaintiff Christine A. Murphy's Motion for Default Judgment [Doc # 10]. Defendant has failed to answer or otherwise respond to the allegations in Plaintiff's Complaint despite proper service, and the Clerk of Court entered default against Defendant on April 24, 2013. Plaintiff now seeks the entry of judgment for money damages. No opposition to the motion has been filed.

    After consideration of the motion, all related pleadings, and the case file, I grant Plaintiff's motion as set forth below.

### I. Applicable Law

    Default judgment may enter against a party who fails to appear or otherwise defend pursuant to Fed.R.Civ.P. 55. Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (*citing Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir.1994)). In determining whether a claim for relief has been

established, the well-pleaded facts of the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2007 WL 437762, at * 3 (D. Colo. Feb. 6, 2007).

## II. Analysis

This matter arises out of Plaintiff's tender of World War II Third Reich memorabilia to Defendant in connection with Defendant's anticipated purchase of Plaintiff's business, Third Reich Depot, L.L.C. ("TRD"). Although Plaintiff and Defendant never finalized an agreement for Defendant's purchase of TRD, Plaintiff tendered TRD inventory valued at $244,779 to Defendant. *See* Plaintiff's Affidavit, ¶ 6. Plaintiff also tendered items from her personal collection of Third Reich memorabilia valued at $145,000 to Defendant. *Id.* at ¶ 7. Defendant has failed to return the TRD inventory and memorabilia from Plaintiff's personal collection despite demands that he do so.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

In addition to actual damages in the total amount of $389,779, Plaintiff is entitled to (a) treble damages pursuant to C.R.S. § 18-4-405; (b) pre-judgment interest from October 6, 2011, which is the date Plaintiff first demanded return of the TRD inventory and her personal items, at a rate of 8% compounded annually pursuant to C.R.S. § 5-12-102(1)(b); (c) post-judgment interest pursuant to 28 U.S.C. § 1961; and (d) costs and reasonable attorney fees pursuant to C.R.S. § 18-4-405 and Fed. R. Civ. P. 54(d).

### III.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1.  Plaintiffs' Motion for Default Judgment [Doc # 10] is GRANTED; and

2.  Judgment shall enter in favor of Plaintiff Christine A. Murphy and against Defendant Gregory Leon for (a) actual damages in the amount of $389,779; (b) treble damages in the amount of $1,169,337; (c) pre-judgment interest at the rate of 8% compounded annually from October 6, 2011 through the date of this Order; (d) post-judgment interest; and (e) costs and reasonable attorney fees in an amount to be determined upon further submissions from Plaintiff.

Dated: May   30  , 2013.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge